## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| ME2 PRODUCTIONS, INC., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 2:16-CV-468-TLS-PRC |
| ) | |
| DOES 1-9, ) | |
|     Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion [DE 10], filed by Defendant Doe 8 on January 17, 2017. Plaintiff ME2 Productions, Inc. filed a response on January 31.[1] Doe 8 has not filed a reply, and the time in which to do so has passed. The motion is ripe for ruling and, for the reasons stated below, will be denied.

Plaintiff's Complaint alleges copyright infringement of Plaintiff's copyrighted work by nine Doe Defendants. Plaintiff indicates that the true names of Defendants are unknown to Plaintiff and that Defendants are only known to Plaintiff by the Internet Protocol address assigned to each Defendant by his or her Internet Service Provider (ISP). Previously, Plaintiff asked the Court to issue an Order permitting Plaintiff to issue subpoenas to the ISP for the purpose of identifying the Doe Defendants. The Court granted that motion on November 16, 2016.

Doe 8 filed the instant motion, requesting that the subpoena issued to the ISP be quashed because Doe 8 represents that Doe 8 did not in fact commit the alleged infringement and can provide proof that Doe 8 was at work at the time of the infringement. Doe 8 does not present any legal authority to support quashing the subpoena on this basis.

---

[1] The Court notes that there is no certification that Plaintiff served a copy of its response on Doe 8. Doe 8 filed the instant motion by hand delivering it to the Office of the Clerk of Court and did not provide any contact information. The Court has no contact information for Doe 8. Under the circumstances, the Plaintiff's failure to serve a copy of its response on Doe 8 is excused.

Pursuant to Federal Rule of Civil Procedure 45(a)(1)(A)(iii), a party may serve a subpoena commanding a nonparty to produce designated documents. Under Rule 45(d)(3)(A), a court must quash or modify a subpoena if it fails to allow a reasonable time to comply; requires a person to comply beyond the jurisdictional requirements of the rule; requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv). In addition to these mandatory grounds for quashing a subpoena, there are also permissible reasons for quashing a subpoena, but none are relevant here. *See id.* at 45(d)(3)(B).

Denials of liability "are not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit." *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 251 (N.D. Ill. 2011); *see also Malibu Media, LLC v. John Does 1-14*, Cause No. 1:12-CV-263, 2013 WL 2285950, at *3 (N.D. Ind. May 22, 2013).

Accordingly, the Court hereby **DENIES** the Motion [DE 10].

The Court **ORDERS** Plaintiff, upon receipt of contact information for Defendant Doe 8, to serve a copy of (1) its response to the instant motion and (2) this Opinion and Order on Defendant Doe 8.

So ORDERED this 15th day of February, 2017.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT
